UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

SAGAX DEVELOPMENT CORP.,

       Plaintiff,     **OPINION AND ORDER**

  -v-     No. 1:19-CV-3386 (RA) (JW)

ITrust S.A.,

       Defendant.

---------------------------------------------------------x

JENNIFER E. WILLIS
UNITED STATES MAGISTRATE JUDGE

Before the Court is a motion by Plaintiff Sagax Development Corp. ("Sagax") for attorneys' fees to be awarded in the amount of $56,416.25. Dkt. No. 89. For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On August 3, 2021, Sagax filed a motion for sanctions against Defendant ITrust S.A. ("ITrust"), alleging that ITrust "is in willful violation of the Court's April 21, 2021 Order" directing Sagax to serve its interrogatories and ITrust to serve its answers. Dkt. No. 82. On November 17, 2021, Judge Fox granted Sagax's motion for sanctions, finding that ITrust's "noncompliance with the April 20, 2021 ruling and the April 21, 2021 order was willful and made in bad faith." Dkt. No. 88. Accordingly, Judge Fox held that "awarding attorney's fees solely in connection with the defendant's failure to comply" with such ruling and order was warranted. Id. Judge Fox directed Sagax to submit its reasonable attorneys' fees application. Id. On

1

December 22, 2021, Sagax filed its motion for attorneys' fees, seeking $56,416.25 from ITrust and its counsel, Mayer Brown LLP ("Mayer Brown"). Dkt. No. 89. ITrust and Mayer Brown objected to Sagax's motion to the extent that the motion seeks to recover fees from Mayer Brown. Dkt. No. 98.

## DISCUSSION

### I. Legal Standard

Judge Fox's order directed Sagax to submit its reasonable attorneys' fees application. Dkt. No. 88. The Court "enjoys broad discretion in determining the amount of a fee award." Vincent v. Comm'r of Soc. Sec., 651 F.3d 299, 307 (2d Cir. 2011). The lodestar approach establishes a "presumptively reasonable fee" by calculating the number of hours reasonably expended by counsel on the litigation and multiplying that number of hours by reasonable hourly rates. See Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks omitted).

To determine the reasonable hourly rate, the Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). Generally, the relevant community is the district in which the district court sits. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). The Court must evaluate the "evidence proffered by the parties" and may take "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." Farbotko v. Clinton County of N.Y., 433 F.3d 204, 209 (2d Cir. 2005). A court-

awarded attorneys' fee must compensate only for "hours reasonably expended on the litigation," not for "hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).

## II.  Application

The Court has carefully reviewed Sagax's motion, together with its counsel's time records, as well as ITrust and Mayer Brown's opposition, and concludes in its discretion that Sagax cannot recover fees from Mayer Brown and a reduction in the fees sought by Sagax is appropriate, as explained below.

### A. Hourly Rates

Two attorneys – a partner and an associate – from Sagax's counsel McDermott Will & Emery LLP ("McDermott") billed in connection with ITrust's failure to comply with Judge Fox's ruling and order. ITrust has not challenged the reasonableness of the attorneys' billing rates. To support its claim concerning the reasonableness of the $970 hourly rate charged by the McDermott partner, a 2013 law school graduate who focuses on complex commercial and securities litigation, Sagax points to cases in this district involving hourly rates of partners with similar experiences, reputations, and abilities. See Vista Outdoor Inc. v. Reeves Family Trust, No. 16-cv-5766 (JSR), 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (awarding $1,260 to partners in the New York City "big firm market"); U.S. Bank Nat'l Assoc. v. Dexia Real Estate Capital Markets, No. 12-cv-9412 (PAE), 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) ("[P]artner billing rates in excess of $1,000 an hour[ ] are by now not uncommon in the context of complex commercial litigation.") (internal citation omitted).

Accordingly, the Court finds that the attorney's fees Sagax seeks for the McDermott partner are reasonable.

To support its claim concerning the reasonableness of the $815 hourly rate charged by the McDermott associate, Sagax fails to point to caselaw awarding a comparable fee. See Vista, 2018 WL 3104631, at *6 (awarding a $461.25 hourly rate for a 2017 law school graduate and a $663.75 hourly rate for a 2012 law school graduate). The Court's own analysis precludes awarding an $815 hourly rate for an associate. "Courts in this district have found hourly rates of $753 on the 'upper limit' of rates award for associates in this district, even those at firms comparable to [McDermott]." Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC, No. 20-mc-23 (AT), 2021 WL 1353756, at *3 (S.D.N.Y. Apr. 12, 2021) (awarding an hourly rate of $650 for a 2013 law school graduate and $625 for a 2017 law school graduate). "In general, courts decline to award hourly rates of over $650 for associates." Id. See also Flatiron Acquisition Vehicle, LLC v. CSE Mortgage LLC, No. 17-cv-8987 (GHW), 2022 WL 413229, at *14 (S.D.N.Y. Feb. 9, 2022) (finding that an hourly rate range of $405 to $660 for associates was "within the spectrum for hourly rates approved in this district for attorneys at large New York City law firms involved in complex commercial litigation.").

In Macquarie México Real Estate Mgmt. S.A. de C.V. v. Hoiston Int'l Enterprises, Inc., No. 20-cv-8383 (JGK) (KNF), 2021 WL 4952693, at * (S.D.N.Y. Oct. 1, 2021), *report and recommendation adopted*, 2021 WL 4951764 (S.D.N.Y. Oct. 25, 2021), plaintiff sought to recover $970 in 2020 and $1,070 in 2021 for a senior

associate's work an hourly rate. Plaintiff had cited to MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC, No. 16-cv-8103 (LGS), 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017) (awarding rates ranging from $569.02 to $753.42 per hour for associates where "there were issues of foreign law, and work was done on an urgent basis to prepare the application for a temporary restraining order, including work on nights and weekends"). Nonetheless, while the court "appreciate[d] that reasonable hourly rates for legal services may have increased since 2017," MSC did not support the rates requested given the circumstances involved in MSC and the associate's experience and abilities in Macquarie. Accordingly, the court awarded an $800 hourly rate for a senior associate who had been practicing law for more than ten years.

      Here, the only information Sagax has provided about the McDermott associate is that he is a 2017 law school graduate who previously served as a clerk for a judge in the Massachusetts Court of Appeals and now focuses on complex commercial and securities litigation. Such experience is insufficient to depart from the associate hourly rate ranges in Vista, Angelo, Gordon & Co., L.P., and Flatiron Acquisition Vehicle, LLC. Further this case is not comparable to Macquarie, which involved a senior associate with over ten years of experience. Sagax has not offered any evidence that the associate here is a senior associate, and the associate has only been admitted to the bar since 2018. However, the Court does note that this case involved complex issues of foreign law. See Dkt. No. 92 at 5. Therefore, the Court reduces the associate's hourly billing rate to $675.

### B. Number of Hours

Judge Fox's order specifically states that attorneys' fees solely in connection with ITrust's failure to comply with the court's April 20, 2021 ruling and April 21, 2021 order are warranted. Dkt. No. 88. Analysis of McDermott's billing records reveals that Sagax's attorneys' fee calculation includes hours that do not relate to ITrust's failure to comply but rather to Sagax's drafting of interrogatories and responses to ITrust's interrogatories. See Dkt. No. 90-2. Accordingly, the Court reduces the partner's hours by 19.23% and the associate's hours by 14.41% to account for such unrelated hours. This results in a total of 10.5 hours billed by the partner and 46 hours billed by the associate. See Heng Chan v. Sung Yue Tung Corp., No. 03-cv-6048 (GEL), 2007 WL 1373118, at *5 (S.D.N.Y. May 8, 2007) (quoting In Re Agent Orange Prod. Liability Litig., 818 F.2d 226, 237 (2d Cir. 1987)) ("In lieu of making minute adjustments to individual timekeeping entries, a court may make across-the-board percentage cuts in the number of hours claimed, 'as a practical means of trimming the fat from a fee application.'").

### C. ITrust's Counsel

Sagax requested that the Court enter an order directing ITrust and its counsel to pay Sagax reasonable attorneys' fees. Dkt. No. 92. ITrust and Mayer Brown objected to Sagax's motion to the extent it seeks to recover those fees from Mayer Brown. Dkt. No. 98. Judge Fox's order did not state that Sagax is entitled to receive attorneys' fees from Mayer Brown and did not suggest or state that Mayer Brown's conduct warranted an award of attorneys' fees. Sagax's motion for attorneys' fees

does not support an award against Mayer Brown either. Accordingly, only ITrust, not Mayer Brown, is responsible for the attorneys' fees awarded.

## CONCLUSION

For the foregoing reasons, Sagax's motion for attorneys' fees (Dkt. No. 89) is GRANTED IN PART and DENIED IN PART. ITrust is hereby ordered to pay the sum of $41,235 to Sagax.

SO ORDERED.

Dated: New York, New York
July 11, 2022

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge